**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHAD HABEEB,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No._____ |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **JUKES SHOES, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Chad Habeeb ("Habeeb") complains against Defendant Jukes Shoes, LLC

("Jukes Shoes"), and states as follows:

**Nature of This Case**

1.     This case involves the Defendant Jukes Shoes sale of goods that infringe upon

Plaintiff Habeeb's design patent, U.S. Patent No. D687,216.

**Parties**

2.     Plaintiff, Chad Habeeb, is an individual resident and citizen of Washington D.C.,

who is domiciled in Washington D.C.

3.     On information and belief, Defendant Jukes Shoes is a limited liability company

formed under the laws of the State of Texas.

**Jurisdiction and Venue**

4.     This Court has subject matter jurisdiction over this action under to 28 U.S.C. §§

1331-32 and 1338.

5.     Personal jurisdiction in this district is proper inasmuch as Defendant Jukes Shoes

solicit and conduct business within the State of Illinois and this district via its authorized or

licensed interactive website located at http://www.jukzshoes.com/, thereby purposely availing itself of the privilege of conducting business in the State of Illinois and in this district.

6. Further, as a result of its actions of patent infringement, Defendant Jukes Shoes has also caused injury to Plaintiff in Illinois and this district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**<u>Defendants' Infringement of Plaintiff Habeeb's Design PAtent</u>**

8. As outlined above, Plaintiff owns U.S. Patent No. D687,216 ("the '216 Patent"). See Exhibit A.

9. The '216 Patent issued on August 6, 2013.

10. The '216 Patent claims an ornamental design for a pair of sandals featuring lines that transgress the uppermost surface of the shoe.

11. Defendant Jukes Shoes is selling sandals under the name "Tennis Flip Flops" on its website that feature lines transgressing the surface of the shoe in a manner similar to what is claimed in the '216 Patent. See Exhibit B.

12. The Tennis Flip Flops are identical in shape, design and ornamental features to the design claimed by the '216 Patent, including all of the non-functional elements of that design.

13. The design of the Tennis Flip Flops are substantially similar to the design claimed by the '216 Patent.

14. The design of the Tennis Flip Flops infringe upon the '216 Patent.

## COUNT I
## Patent Infringement (Against Jukes Shoes)

15.     Plaintiff Habeeb repeats and re-alleges the allegations contained in Paragraphs 1-17 above as if fully set forth herein.

16.     Defendant Jukes Shoes advertises and sells, or authorizes, or licenses the advertising and sale of the Tennis Flip Flops.

17.     The aforementioned products infringe upon the '216 Patent.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A)     Permanently enjoining and restraining Defendant Jukes Shoes, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participating with any of them from:

    (i)     Selling, authorizing, or licensing the sale of flip flops and all other merchandise that infringe upon U.S. Patent No. D687,216.

(B)     Directing Defendant Jukes Shoes to:

    (i)     Pay to Plaintiff an amount adequate to compensate for the infringement of U.S. Patent No. D687,216, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs pursuant to 35 U.S.C. §284;

(C)     Finding this case to be exceptional and awarding Plaintiff its reasonable attorney fees; and

(D)     Awarding Plaintiff such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Habeeb respectfully demands a trial by jury in this action.

DATED: June 19, 2014                                   Respectfully submitted,


/s/Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Ava L. Caffarini
acaffarini@bdl-iplaw.com
Bishop Diehl & Lee, Ltd.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff Chad Habeeb*